# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VERLINDA C. J., | ) |
|       Plaintiff, | ) |
| vs. | )   Case No. 22-CV-554-JFJ |
| MARTIN J. O'MALLEY,[1] | ) |
| Commissioner of Social Security, | ) |
|       Defendant. | ) |

## OPINION AND ORDER

Plaintiff Verlinda C. J. seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claim for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423(d). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. For reasons explained below, the Court **REVERSES and REMANDS** the Commissioner's decision denying benefits. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

**I.**     **General Legal Standards and Standard of Review**

"Disabled" is defined under the Social Security Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic

---

[1] Effective December 20, 2023, pursuant to Federal Rule of Civil Procedure 25(d), Martin O'Malley, Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence," such as medical signs and laboratory findings, from an "acceptable medical source," such as a licensed and certified psychologist or licensed physician; the plaintiff's own "statement of symptoms, a diagnosis, or a medical opinion is not sufficient to establish the existence of an impairment(s)." 20 C.F.R. §§ 404.1521, 416.921. *See* 20 C.F.R. §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a). A plaintiff is disabled under the Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functioning capacity ("RFC"), whether the impairment prevents the claimant from continuing her past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)-(v). If a claimant satisfies her burden of proof as to the first four steps, the burden shifts to the Commissioner at step five to establish the claimant can perform other work in the national

economy.  *Williams*, 844 F.2d at 751.  "If a determination can be made at any of the steps that a plaintiff is or is not disabled, evaluation under a subsequent step is not necessary."  *Id.* at 750.

In reviewing a decision of the Commissioner, a United States District Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence.  *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).  Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *See id.*  A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  *Id.*  A court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner.  *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005).  Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence.  *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.     Procedural History and the ALJ's Decision

Plaintiff, then a 38-year-old female, filed for Title II disability insurance benefits on November 7, 2019, alleging a disability onset date of October 28, 2019.  R. 14, 230-231.  Plaintiff claimed that she was unable to work due to conditions including blindness or low vision, congestive heart failure, diabetes, kidney disease, high blood pressure, shortness of breath, edema, high cholesterol, and anemia.  R. 247.  Plaintiff's claim for benefits was denied initially on July 15, 2020, and upon reconsideration on March 23, 2021.  R. 109-49.  On February 2, 2022, the ALJ held an online video hearing.  R. 70-108.  The ALJ issued a decision on May 24, 2022, finding Plaintiff not disabled because she could perform both past relevant work and other work existing

in the national economy. R. 14-24. The Appeals Council denied review, and Plaintiff appealed to this Court. R. 1-4; ECF No. 2.

The ALJ found that Plaintiff has sufficient coverage to remain insured through December 31, 2024. R. 16. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of October 28, 2019. *Id.* At step two, the ALJ found that Plaintiff had the following severe impairments: congestive heart failure; diabetes mellitus; diabetic retinopathy and macular edema; chronic kidney disease; anemia; and obesity. R. 17. The ALJ found Plaintiff's hypertension was nonsevere. *Id.* At step three, the ALJ found that Plaintiff had no impairment or combination of impairments that was of such severity to result in listing-level impairments. R. 17-18.

After evaluating the objective and opinion evidence and Plaintiff's statements, the ALJ concluded that Plaintiff had the RFC to perform a range of light work as follows:

> The claimant can lift, carry, push or pull 20 pounds occasionally, 10 pounds frequently; sit for a total of 6 hours in an 8-hour workday with normal work breaks; and stand and/or walk for a combined total of 6 hours in an 8-hour workday with normal work breaks. Further, the claimant cannot stoop; or climb ladders, ropes, or scaffolds. She should have no exposure to unprotected heights, open flames, dangerous machinery or equipment, or other hazardous conditions (note that all moving machinery is not dangerous – such as machinery where moving parts are shielded).

R. 18. At step four, the ALJ found that Plaintiff was able to perform past relevant work as a Claims Examiner, Order Clerk, and Claims Clerk, as generally performed. R. 21-22. At step five, in accordance with the testimony of a vocational expert ("VE"), the ALJ alternatively found that Plaintiff could perform other light unskilled jobs, such as a Router or Cashier II. R. 22-23. The ALJ determined the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles ("DOT"). R. 23. Based on the VE's testimony, the ALJ also concluded that these positions existed in significant numbers in the national economy and were

consistent with the Plaintiff's age, education, work experience, and RFC. *Id.* Accordingly, the ALJ concluded Plaintiff was not disabled through the date of decision. *Id.*

**III.    Issue**

Plaintiff raises one point of error in her challenge to the denial of benefits: that the ALJ's consistency analysis was flawed. ECF No. 9.

**IV.    Analysis - ALJ's Consistency Analysis Was Not Supported by Substantial Evidence and Was Legally Erroneous**

In evaluating a claimant's symptoms, the ALJ must determine whether the claimant's statements about the intensity, persistence, and limiting effects of symptoms are consistent with the objective medical evidence and other evidence of record. Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029, at *7 (Mar. 28, 2016). If they are consistent, then the ALJ "will determine that the individual's symptoms are more likely to reduce his or her capacities to perform work-related activities." *Id.* If they are inconsistent, then the ALJ "will determine that the individual's symptoms are less likely to reduce his or her capacities to perform work-related activities." *Id.* Factors the ALJ should consider in determining whether a claimant's pain is in fact disabling include the claimant's attempts to find relief and willingness to try any treatment prescribed; a claimant's regular contact with a doctor; the possibility that psychological disorders combine with physical problems; the claimant's daily activities; and the dosage, effectiveness, and side effects of the claimant's medication. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012); *see also* SSR 16-3p at *7 (listing similar factors); 20 C.F.R. §§ 404.1529(c)(3).[2]

---

[2] This evaluation, previously termed the "credibility" analysis, is now termed the "consistency" analysis. *See* SSR 16-3p (superseding SSR 96-7p). In practice, there is little substantive difference between a "consistency" and "credibility" analysis. *See Brownrigg v. Berryhill*, 688 F. App'x 542, 545-46 (10th Cir. 2017) (finding that SSR 16-3p was consistent with prior approach taken by Tenth Circuit). Therefore, Tenth Circuit decisions regarding credibility analyses remain persuasive authority.

Consistency findings are "peculiarly the province of the finder of fact," and courts should "not upset such determinations when supported by substantial evidence." *Cowan v. Astrue*, 552 F.3d 1182, 1190 (10th Cir. 2008) (quoting *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)). As long as the ALJ sets forth the specific evidence he or she relies on in evaluating the consistency of the claimant's subjective complaints with other evidence, the ALJ "need not make a formalistic factor-by-factor recitation of the evidence." *Keyes-Zachary*, 695 F.3d at 1167 (quotations omitted). "[C]ommon sense, not technical perfection, is [the reviewing court's] guide." *Id*.

An ALJ's credibility findings "'should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" *Hardman v. Barnhart*, 362 F.3d 676, 678-79 (10th Cir. 2004) (quoting *Kepler*, 68 F.3d at 391). To this effect, "standard boilerplate language will not suffice," as it fails to inform the court in a "meaningful, reviewable way of the specific evidence the ALJ considered in determining that claimant's complaints were not credible." *Id.* (cleaned up).

In his consistency analysis, the ALJ noted Plaintiff's testimony that medications had improved her impairments, including less swelling from congestive heart failure. R. 19. He also noted Plaintiff's testimony that she continued to have swelling in her legs and abdomen, which was better in the mornings but worsened over the course of the day. He noted her testimony that she experienced severe fatigue and occasionally used compression stockings. The ALJ then stated:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical and other evidence in the record for the reasons explained in this decision.

*Id.*

Following this statement, the ALJ summarized Plaintiff's objective medical records dated between June 2019 and December 2021, noted his consideration of Plaintiff's obesity in the RFC, and discussed the state agency medical and mental consultants' opinions. R. 19-21. The ALJ concluded by explaining that the RFC was supported by "the claimant's objective findings; mostly normal consultative findings; the claimant's reports of improvement; and the opinions of the state agency medical consultants." R. 21.

Plaintiff argues the ALJ's analysis was insufficient, because the ALJ failed to explain why Plaintiff's statements regarding the effects of her leg swelling were inconsistent with the objective medical record, as required by SSR 16-3p. Plaintiff contends the ALJ offered only blanket, conclusory statements unsupported by any medical evidence. According to Plaintiff, this constitutes reversible error, because Plaintiff testified she had significant limitations resulting from leg swelling, including fatigue and problems with walking, standing, sitting, and climbing stairs. *See* R. 90-92.

The Court agrees with Plaintiff's argument and finds that the ALJ's consistency analysis requires reversal. The ALJ relied exclusively on standard boilerplate language in making his consistency finding. The ALJ failed to contrast any of Plaintiff's subjective statements regarding the intensity, persistence, and limiting effects of her leg swelling with the objective medical evidence. Instead, the ALJ merely summarized Plaintiff's testimony, summarized the objective evidence, and recited the boilerplate consistency language without attempting to link Plaintiff's statements with the evidence. R. 18-21. Without this necessary link, this Court is unable to determine the substantial evidence the ALJ relied upon or rejected to support his inconsistency finding. Therefore, the consistency analysis was legally flawed and not supported by substantial evidence. *See Hardeman*, 362 F.3d at 679 (explaining that ALJ must "explain why the specific

evidence relevant to each [credibility] factor led him to conclude claimant's subjective complaints were not credible," or remand is required) (cleaned up); *Roberts v. Kijakazi*, No. CIV-20-1046-STE, 2021 WL 5150606, at * 3-4 (W.D. Okla. Nov. 4, 2021) (finding reversible error where ALJ's consistency analysis was conclusory and "merely recited evidence, without comment or adequate explanation as to how that evidence was consistent or inconsistent with Plaintiff's claims of pain," leaving reviewing court unable to conduct a meaningful review); *Ellis v. Colvin*, No. 14-CV-0564-CVE-TLW, 2015 WL 6674827, at *4 (N.D. Okla. Nov. 2, 2015) (reversing where ALJ's credibility finding failed to contrast claimant's statements with objective medical evidence, "which would affirmatively link the credibility conclusion to the objective evidence").  Because the ALJ erred in his consistency assessment in relation to the RFC, the ALJ's findings at step five are also necessarily flawed.  *See Ellis*, 2015 WL 6674827, at *4 (finding reversible step-five error where ALJ's credibility analysis was flawed).

In his response brief, the Commissioner argues the ALJ's decision should be affirmed because the ALJ appropriately contrasted Plaintiff's allegations with the medical and opinion evidence.  For example, the ALJ discussed Plaintiff's March 2021 consultative exam, at which Plaintiff walked normally with a stable gait at an appropriate speed, demonstrated normal movement, and had no sensory deficits, despite pitting edema in the extremities.  R. 20 (citing R. 795-801).  The ALJ also found the state agency medical consultants' opinion that Plaintiff could perform light work with some visual limitations "mostly persuasive."  R. 21 (citing R. 116-18, 144-47).  The Commissioner argues that these agency opinions, on which the ALJ largely relied, addressed Plaintiff's complaints of leg swelling and fatigue.  *See* R. 117, 145.  The Commissioner further argues that Plaintiff points to no evidence indicating she needed additional limitations to accommodate her leg swelling.

The Court rejects the Commissioner's arguments. As explained above, the ALJ must articulate specific reasons for his consistency findings and cannot leave the Court to speculate what evidence led the ALJ to find Plaintiff's statements were inconsistent with other record evidence. Here, the ALJ failed to articulate any specific rationale for rejecting Plaintiff's subjective statements. Even if evidence in the record, such as the agency reviewers' opinion or other objective evidence, would conceivably support the ALJ's rejection of Plaintiff's subjective complaints, the ALJ himself failed to link that evidence to Plaintiff's complaints as part of the consistency analysis, which requires reversal. *See Roberts*, 2021 WL 5150606, at *3-4 (finding consistency discussion insufficient where ALJ merely recited evidence without commenting or explaining why it was inconsistent with claimant's subjective complaints and "did not explain why or how he elected to accept [state agency reviewers'] opinion over Plaintiff's subjective descriptions of her functional limitations"). Moreover, there is some evidence in the record that supports Plaintiff's contention that she experiences functional limitations from leg swelling. *See, e.g.*, R. 735 (Plaintiff reported worsening leg swelling in April 2020 with difficulty bending legs and pain, itchiness, and blisters on legs, and provider observed lower extremity edema and blisters on backs of legs); 1057 (extremities trace to 1+ pedal edema observed in December 2021). Because the Court cannot articulate reasons supporting the ALJ's consistency finding in the first instance, remand is required for the ALJ to make express consistency findings in accordance with SSR 16-3 and the governing case law. *See Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) (explaining that the court "may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself").

V.     **Conclusion**

For the foregoing reasons, the Commissioner's decision finding Plaintiff not disabled is **REVERSED and REMANDED** for proceedings consistent with this Opinion and Order.

**SO ORDERED** this 25th day of January, 2024.

_____
**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**